## Shollenberger *et al. versus* Filbert *et al.*

*Ground Rent.—Extinguishment of by Entry.—Assignment of.*

Ground-rents reserved by a proprietor, on sale of town lots, having been sold on execution against him, were conveyed by sheriff's deed to the purchaser, who, by assignment endorsed thereon, transferred them in 1791 to D., who, for non-payment of 22s. 6d., rent reserved upon one of the lots, entered upon it in 1796, and the same year sold it to E., reserving a new rent of 7s. 6d. In 1811, D. assigned the ground-rents and the original deed-poll to C. L., using the same language as in the assignment to him.   In an action of covenant, in 1857, for arrears of the ground-rent of 7s. 6d., by plaintiffs, claiming as assignees under C. L., against the owners of the lot who held title under E., it was *held*.

That though the assignment of the deed-poll, and the ground-rents conveyed thereby by D. to C. L., did not mention or refer to the new rent reserved by D. in his deed to E., of the lot on which it was charged, but was in terms confined to the rents originally reserved in the deed for town lots, of which the lot in question was one, yet, as it was derived from the same original source, so far as D.'s title and powers were concerned, the sheriff's deed, the new rent passed to C. L. under that assignment; and hence, that the plaintiffs claiming under him were entitled to recover the arrears of that ground-rent.

ERROR to the Common Pleas of *Berks county*.

This was an action of covenant brought to August Term 1857, by Samuel Filbert and Jacob Schaffer, executors of Augustus Leis, deceased, against George Shollenberger and William Shollenberger.

All the material facts of the case will be found in the opinion of the learned judge of the court below (WOODWARD, P. J.):—

" This is an action of covenant brought to recover the arrears of a ground-rent on in-lot No. 110, in the borough of Hamburg. The lot is part of a tract of land which was granted by the Commonwealth to Martin Kercher, by patent dated the 23d of December 1772.   On the 23d of January 1779, the patentee conveyed the whole tract to Martin Kercher, Jr., who, on the 1st of December in the same year, conveyed six lots, including No. 110, to Michael Lindemuth, reserving annual ground-rent upon each of five of the lots of 22s. 6d.   Of the five lots, No. 110 was one.   A judgment was obtained against Martin Kercher, Jr., on the 9th of May 1786.   An execution was issued in the judgment, and levied on the yearly ground-rents on one hundred and thirty-one lots in Hamburg, into which the tract patented to Martin Kercher, Sr., has been divided.   The ground-rents were subsequently sold by the sheriff, who conveyed them, by deed dated the 11th of December 1786, to Charles Shoemaker.   On the 16th of May 1791, Shoemaker, by an assignment endorsed on the sheriff's deed, transferred 'the within deed-poll, and all the ground-rents thereby due from the 27th day of May [then] last past, to Daniel Ludwig.   On the 12th of December 1811, Lud-

[Shollenberger *et al. v.* Filbert *et al.*]

wig, using precisely similar phraseology, assigned the deed and the ground-rents to Christopher Leis. The subsequent title in the present plaintiff from Christopher Leis is admitted to be regular.

"No conveyance from Lindemuth of the land purchased by him from Martin Kercher, Jr., in 1779, has been shown, but a deed has been given in evidence, dated the 3d of October 1796, from Daniel Ludwig to John Everhart, reciting his title, and the fact that he had entered upon a number of lots by reason of the reserved rents being in arrear, and no distress thereon to be found, 'and conveying lot No. 110, described as being one of those upon which the re-entry has been made subject to the reservation of a new ground-rent of 7s. 6d., payable annually on the 27th of May in each year.' Everhart, the grantee in this deed from Ludwig, subsequently conveyed the lot to Peter Laubenstein, subject to the payment of one dollar ground-rent every 27th of May (thereafter) to Christopher Leis, his heirs and assigns; Laubenstein sold to Sebastian Lenhart; Lenhart sold to Mary Adam; and she sold to the defendants on the 31st of January 1854.

"It is now urged, on the part of the defendants, that they ought not to be held liable for the amount of the claim of the plaintiffs, because the estate in lot No. 110, which Ludwig transferred to Christopher Leis in 1811, was different from the estate which he had reserved to himself in his deed to Everhart in 1796. He sold to Leis the sheriff's deed-poll, and all the ground-rents thereby due. And as the annual ground-rent on lot No. 110, embraced in the sheriff's deed, was 22s. 6d., the argument is that his assignment did not vest in Leis another ground-rent of 7s. 6d. But Ludwig, when he sold to Leis, had an estate in the lot. It was different from the estate which he had purchased; yet it was one which had grown out of that. He had entered in pursuance of the power reserved in the deed from Kercher to Lindemuth. If he had sold before the entry, he would have clothed his grantee with power to do what he had done himself. But he executed the power before he made the transfer. If, after the re-entry, instead of selling the property anew to Everhart, he had retained it, why would not his assignment of the sheriff's deed have been effective to vest it in Leis? It is true that proof of an act *in pais* would be necessary in establishing the title. But the right to perform that act rested exclusively upon the sheriff's deed. And if this be so, it is certain that the new ground-rent of 7s. 6d. must be treated as equally derived from the same source. It was the acquisition of no new estate in the land. It was the result of no independent conveyance. It was a right which rested for its validity upon the assignment by Shoemaker to him in 1791. This assignment was the very original foundation of his interest. And when in his turn he assigned to Leis, he passed

[Shollenberger *et al. v.* Filbert *et al.*]

over the only muniment of title he ever held. If a man sell an estate which he does not own, and he afterwards acquire a title, it enures to the benefit of his grantee: 2 Sugden on Vendors 264; Brown *v.* McCormick, 6 Watts 60; McCall *v.* Coover, 4 W. & S. 151; Wilson's Estate, 2 Barr 325. One enters upon land under a defective conveyance, which gives him only colour of right. He acquires a title under the Statute of Limitations, and subsequently transfers his original defective conveyance by assignment. Why would not the land pass to his assignee? It can be supposed that instead of creating the ground-rent of 7*s.* 6*d.* through the form of a re-entry and a new deed, the original rent of 22*s.* 6*d.* had been reduced by a recorded agreement between Ludwig and Lindemuth, or some grantee of the latter. In that case it would seem obvious justice that an assignment of the sheriff's deed would have passed the title to the reduced rent. There is an apparent distinction in essential respects between the case presented and the case supposed. And if such a transfer as that from Shoemaker to Leis would have passed title to land, it has been adequate, under the 8th section of the Act of the 25th of April 1850, to sustain the title of the present plaintiffs to this ground-rent. If the representatives of Ludwig were here seeking to recover the arrears now claimed, they would have to be held barred by the assignment. The plaintiffs are entitled to a judgment.

" This view of the case renders it unnecessary to express an opinion as to the effect of the express reservation of the ground-rent in favour of Leis, which was contained in the deed from Everhart to Laubenstein in 1817, and which was in the direct line of the title of the defendants.

" Judgment is entered for the plaintiffs; and it is ordered that the amount be ascertained by the prothonotary upon one day's notice by the counsel of either party to the opposite party or his counsel;" which was the error assigned.

*John Banks,* for plaintiffs in error.

*Samuel Young* and *Jesse G. Henley,* for defendants.

Per CURIAM.—We find no error in this case, and it seems to us that the opinion of the court below is an adequate justification of the judgment.

Judgment affirmed.